**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JUSTIN ALLRED,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 5:19-cv-01108** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") removes this action from the 37th Judicial District of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, as follows:

### I.      STATE COURT ACTION

1.      On August 29, 2019 Plaintiff Justin Allred ("Plaintiff") filed his Original Petition (the "Petition") in the 37th Judicial District of Bexar County, Texas in an action styled: *Justin Allred v. Wells Fargo Bank, N.A.,* Cause No. 2019-CI-17970 (the "State Court Action").

2.      Plaintiff filed this lawsuit to preclude foreclosure of the property located at 4155 Frontier Sun, San Antonio, Texas 78244 (the "Property").  Plaintiff claims that Wells Fargo has failed to act in good faith in noticing a foreclosure of the Property for September 3, 2019 based on representations to the Plaintiff.  *See* Petition at pp. 2-3.  Plaintiff also claims that Wells Fargo failed to help assist him with loss mitigation options to help bring his loan current.  *See id.* at 2. Plaintiff further contends that he has a committed buyer to purchase the Property.  *See id.*  Plaintiff also seeks injunctive relief preventing foreclosure of the Property.  *See id.* at 3.

3.      Wells Fargo has not been properly served with citation and a copy of the Complaint. Because Wells Fargo has not been properly served, there is currently no deadline to remove the case under 28 U.S.C. § 1446(b).  In any event, the Lawsuit was filed less than thirty days ago. Therefore, this Notice of Removal is timely.

4.      Wells Fargo removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.      PROCEDURAL REQUIREMENTS

5.      This action is properly removed to this Court, as the State Court Action is pending within this district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(2).

6.      The United States District Court for the Western District of Texas, San Antonio Division has original jurisdiction over this action based on diversity jurisdiction because Wells Fargo is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount.  *See* 28 U.S.C. § 1332(a).

7.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file of record with the court in the State Court Action, including all process, pleadings, and orders served upon Wells Fargo in this action.

8.      In connection with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 37th Judicial District Court of Bexar County, Texas pursuant to 28 U.S.C. § 1446(d).

## III.      DIVERSITY JURISDICTION

9.      Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court.  *See* 28 U.S.C. §§ 1332(a), 1441(a).  Complete diversity exists in this case because Plaintiff is not a

citizen of the same state as Wells Fargo.  Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

## A.    DIVERSITY OF CITIZENSHIP

10.    Plaintiff is a citizen of Texas.  Plaintiff is a natural person, so his citizenship for diversity purposes is determined by "where [he is] domiciled, that is, where [he has] a fixed residence with the intent to remain there indefinitely."  *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).  Plaintiff is domiciled in Texas.  *See* Petition at p. 1.  Therefore, Plaintiff is a citizen of Texas for diversity purposes.

11.    Wells Fargo is a national banking association organized under federal law.  A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006).  Under its articles of association, Wells Fargo's main office is located in South Dakota.  Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.  *See* 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 318.

12.    Because Plaintiff is a citizen of Texas and Wells Fargo is a citizen of the South Dakota, there is complete diversity among the parties.  *See* 28 U.S.C. § 1332(c)(1).

## B.    AMOUNT IN CONTROVERSY

13.    Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.  *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).  A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.  *See St. Paul Reins. Co. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010).  Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 F. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).  Where a plaintiff files suit specifically seeking to enjoin the foreclosure of real property, the amount in controversy is the "current appraised fair market value of the [p]roperty" itself because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property." *Berry*, 2009 WL 2868224 at *3.

15.     In addition, the Court may also consider actual damages, exemplary damages and attorney's fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at *8-9 (N.D. Tex. May 20, 2008) (considering Plaintiffs' request for

exemplary damages and potential recovery pursuant to TEX. CIV. PRAC. & REM. CODE § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

13.     Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff seeks injunctive relief to preclude the foreclosure of the Property, and as a result, the entire value of the Property is squarely at issue.  *See generally Petition*; *see also Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48. A tax appraisal of the Property indicates that the current appraised value of the Property is $128,930. A true and correct copy of a 2019 Bexar County Appraisal District tax appraisal for the Property is attached hereto as **Exhibit B**.[1]  In addition, Plaintiff seeks actual damages. *See* Petition at pp.  1, 3.  Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.     Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the Bexar County, Texas Appraisal District valuation for the Property.

## IV.   CONCLUSION

WHEREFORE, Wells Fargo removes this action from the 37th Judicial District of Bexar

County, Texas to the United States District Court for the Western District of Texas, San Antonio,

so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/ *Matthew L. McDougal*

**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jennifer Kinney Parnell**
  State Bar No. 24055779
  jkinney@lockelord.com
**Matthew L. McDougal**
  State Bar No. 24092799
  matthew.mcdougal@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record *via certified mail, return receipt requested* pursuant to the Federal Rules of Civil Procedure on this 12th day of September 2019.

Ramon S. Rodriguez, Jr.
Rodriguez & Garza, P.L.L.C.
State Bar No. 17148360
247 W. Olmos Drive, Suite 200
San Antonio, Texas 78212
Telephone: (210) 281-0248
Fax: (210) 549-2556
Email: rsrjr@hotmail.com
*Counsel for Plaintiff*

/s/ *Matthew L. McDougal*
*Counsel for Defendant*